UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8052 DSF (AS);<br>CV 15-8680 DSF (ASx) | Date | March 18, 2016 |
|---|---|---|---|
| Title | Scott Joseph Wallace v. Cellco Partnership, et al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings:**      **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: CONSOLIDATION**

    On October 17, 2014, in case no. CV 14-8052 DSF (AS) ("Wallace I"), pro se plaintiff Scott Joseph Wallace ("Plaintiff") filed a Complaint raising, inter alia, claims under 42 U.S.C. § 1983 against the following defendants: (1) the City of Los Angeles ("City"); (2) the Los Angeles Police Department ("LAPD"); (3) LAPD Chief Charlie Beck, in his individual and official capacities; (4) Cellco Partnership dba Verizon ("Verizon"); (5) AT&T, Inc.; (6) Harris Wireless; (7) the Federal Bureau of Investigation ("FBI"); and (8) former Los Angeles County Sheriff Lee Baca.  That same day, Wallace I was referred to the undersigned Magistrate Judge pursuant to the provisions of General Order 05-07.

    On December 17, 2014, AT&T, Inc., filed a Motion to Dismiss the Complaint for lack of personal jurisdiction, which the Court granted on February 9, 2015, dismissing AT&T, Inc., from the action without leave to amend.  The Court also sua sponte dismissed Plaintiff's claims against the FBI, LAPD, and Chief Beck and former Sheriff Baca in their official capacities without leave to amend, dismissed Plaintiff's claims under 18 U.S.C. §§ 241 and 3121 without leave to amend, and dismissed the remainder of Plaintiff's Complaint with leave to amend.

    On April 24, 2015, Plaintiff filed a First Amended Complaint in Wallace I against Verizon, Harris Corp. ("Harris"), AT&T Mobility LLC ("AT&T"), the City, Chief Beck in his individual capacity, and Does 1-10.  On May 8, 2015, the Court dismissed the First Amended Complaint with leave to amend.  On June 8, 2015, Plaintiff filed a Second Amended Complaint in Wallace I against defendants Verizon, Harris, AT&T Mobility, the City, Chief Beck in his individual capacity, and Does 1-10.  Plaintiff's Second Amended Complaint in Wallace I remains pending.

    On March 4, 2015, Plaintiff filed a Complaint in Los Angeles County Superior Court against various defendants ("Superior Court action").  (Declaration of Elizabeth Greenwood ("Greenwood Decl."), ¶¶ 1-2, Exh. 1).  On May 18, 2015, Plaintiff filed a First Amended Complaint in the Superior Court action against Verizon, Harris, AT&T, the City, Mayor Eric Garcetti, Chief Beck and Does 1-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8052 DSF (AS); CV 15-8680 DSF (ASx) | Date | March 18, 2016 |
|---|---|---|---|
| Title | Scott Joseph Wallace v. Cellco Partnership, et al., | | |

(Greenwood Decl., ¶¶ 1-2, Exh. 6). On November 6, 2015, the Superior Court action was removed to this Court and assigned case no. CV 15-8680 DSF (AS) ("Wallace II"). On March 15, 2016, Wallace II was referred to the undersigned Magistrate Judge pursuant to General Order 05-07. Plaintiff's First Amended Complaint in Wallace II remains pending.

     Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The Court "has broad discretion under this rule to consolidate cases pending in the same district[,]" Investors Research Co. v. United States Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989); see also Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions[.]"), and it may do so sua sponte. In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987). In determining whether consolidation is appropriate, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

     Here, Wallace I and Wallace II clearly appear to involve common questions of law or fact. Therefore, the parties are hereby ORDERED TO SHOW CAUSE within ten (10) days from the date of this Order why Wallace I (case no. CV 14-8052 DSF (AS)) and Wallace II (case no. CV 15-8680 DSF (AS)) should not be consolidated.

     IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | AF |